# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5965 | **DATE** | 8/6/2003 |
| **CASE TITLE** | Edward Schnuckel vs. The Prudential Ins. Co. of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for attorneys' fees and costs is granted in part. Plaintiff is awarded attorneys' fees in the amount of $24,928.90 and costs in the amount of $377.69. Status hearing set for August 13, 2003 at 9:45a.m.

(11) ■ [For further detail see order attached to the original minute order.]

courtroom deputy's initials: TBK

AUG 0 7 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDWARD SCHNUCKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 5965 |
| ) | Paul E. Plunkett, Senior Judge |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## *MEMORANDUM OPINION AND ORDER*

This is an ERISA matter and before the Court is plaintiff's motion for attorneys' fees and costs pursuant to 29 U.S.C. § 1132 (g)(1). For the reasons stated below, plaintiff's motion is granted in part. The Court will award attorneys' fees in the amount of $24,928.90 and costs in the amount of $377.69.

### *Discussion*

Plaintiff seeks attorneys' fees of $43,512.50 and costs of $377.69. The fees request is based on a rate of $250 per hour for 174 hours of attorney time. Defendant contends that neither the hourly fee nor the amount of time spent on the case is reasonable. Having determined that an award of attorneys' fees is appropriate in this case, our task is to determine what amount of attorneys' fees is reasonable.

"The most useful starting point for determining the amount of a reasonable fee," the Supreme

Court tells us, "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). We begin first with the hourly rate. A reasonable hourly rate is to be determined by the "market rate" for the services rendered. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). Normally, an attorney's actual billing rate is presumptively appropriate to use as the market rate. *People Who Care v. Rockford Board of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). But where the attorney maintains a predominantly contingent fee or public interest practice, the court needs to look to the next best evidence to determine market rate, e.g., evidence of rates similarly experienced attorneys in the community charged to paying clients for similar work or evidence of fee awards the attorney has received in similar cases. *Spegon*, 175 F.3d at 555. It is the party seeking the fee award who bears the burden of proving market rate. *Id.* at 554.

The only market rate evidence we have are affidavits from plaintiff's attorneys themselves. The attorneys are Jared Staver and Neal Gainsberg, principals of Staver & Gainsberg, P.C., a two-attorney firm in Chicago. They each seek an hourly rate of $250 and justify this rate by saying they are "familiar with the customary and reasonable rates of a partner in a Chicago law firm. A $250.00 per hour rate is reasonable and a market rate for a principal partner of a law firm in Chicago." (Pl.'s Exs. B ¶ 7, C ¶ 9.)

These statements do not support a conclusion that $250 per hour is market rate for the services rendered. First, affidavits alone are insufficient to establish a market rate of $250 per hour. *See Spegon*, 175 F.3d at 556 ("An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services."). Second, the nature of Staver & Gainsberg's practice demands that we look at the next best evidence to determine market rate.

Staver takes many of his cases on a contingent fee basis and Gainsberg, who has an appellate and bankruptcy practice, says he has been awarded fees of $200 per hour by the court in his bankruptcy practice. But plaintiff has not provided us with evidence of other attorneys' rates and plaintiff's attorneys have no past ERISA case fee awards from which we could determine market rate.

Third, we note that while Staver and Gainsberg may be principals in their own Chicago law firm, their requested hourly rate of $250 per hour is too high given their experience both as lawyers in general and as ERISA lawyers in particular. Staver has been practicing law since May 2000. Gainsberg has been a licensed attorney since November 1996, but spent two and a half years clerking for a state appellate court judge. Their firm has handled only two other ERISA benefit cases; one case settled and they were not awarded attorneys' fees in the other. We believe that $125 per hour is a reasonable fee for Staver, based on his experience and the services rendered, and $215 per hour is reasonable for Gainsberg, who is more experienced than Staver.

We now turn to the matter of time expended. A party requesting fees is required to exercise "billing judgment" in making a claim that the number of hours submitted in a fee request is reasonable. *Spegon*, 175 F.3d at 552. This means that plaintiff should make "good faith efforts to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Spegon*, 175 F.3d at 552 (internal citation omitted).

Plaintiff has provided us with a time sheet indicating the actual time spent on certain tasks associated with this case – 174 hours. We do not find this reasonable.[1] Plaintiff has made no effort

---

[1] We note first that the attorneys' time sheet indicates numerous conversations with plaintiff, many lasting an hour, but with no description of what was discussed. We can see the need for an initial client conference lasting a couple of hours, and later brief conversations with the client to update him on the progress of the case. We do not

3

to exercise "billing judgment" and request only those hours reasonably expended on this case. We therefore exercise our discretion to reduce the number of hours proffered by plaintiff's attorneys. *See Mathur v. Board of Trustees of S. Illinois Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (district court may reduce either rate or hours proffered by attorney).

Reducing the amount of time spent on "conversations with client" (except the initial conference) by a half, the time spent preparing the motion for summary judgment by a third and the amount of time spent on this case since defendant's December 2002 offer to reinstate plaintiff's disability benefits by a half,[2] we come up with a total number of hours for Staver of 33.52 and for Gainsberg of 96.46.

Multiplying the reasonable hourly rates by the reasonable number of hours yields reasonable attorneys' fees in the amount of $24,928.90 (**$4,190.00 for Staver** [33.52 hours x $125.00 per hour] + **$20,738.90 for Gainsberg** [96.46 hours x $215.00 per hour]).

---

find reasonable, however, a fee request for subsequent conversations with a client lasting an hour and described only as "conversation with client." In addition, plaintiff's attorneys spent over 60 hours working on plaintiff's motion for summary judgment, even though discovery in this case was limited, and some of their time entries, without more detail, appear duplicative. See, for example, time entries for 11/6/02, 11/8/02, 11/12/02 and 11/13/02. Moreover, since receiving defendant's letter offering to reinstate plaintiff's disability benefits and pay reasonable attorneys' fees, plaintiff's attorneys have spent over 40 hours on this matter. That is excessive.

[2] Finding it reasonable to bill in increments of six minutes, we have not reduced the original time entries for 2/21/03, 4/21/03, 5/28/03, 6/12/03 and 6/23/03. Similarly, we have reduced the 6/9/03 time entry from .15 hour to .1 hour. Time entries for 6/10/03, 6/11/03, 6/13/03, 6/18/03 and 6/23/03 indicate that both Staver and Gainsberg were involved in the particular task. However, they did not neatly allocate the time between them for those days as they did for the 10/28/02 entry. For the June 2003 entries, we simply cut the total time by a half as described above, and then simply allocated 50% of that time to Staver and 50% to Gainsberg.

4

*Conclusion*

For the foregoing reasons, plaintiff's motion for attorneys' fees and costs is granted in part. Plaintiff is awarded attorneys' fees in the amount of $24,928.90 and costs in the amount of $377.69.

ENTER:

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 8-6-03